## WHEELER–FISHER & CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 4502.

Circuit Court of Appeals, Seventh Circuit.
Dec. 5, 1931.

Jay C. Halls, Albert L. Hopkins, and Peter L. Wentz, all of Chicago, Ill., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch and F. Edward Mitchell, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Stanley Suydam, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

Petitioner asks review of an order of the Board of Tax Appeals wherein deficiency in petitioner's income and profits taxes for its fiscal year ending June 30, 1921, was fixed at $12,673.80. The question arises on petitioner's writing off at the close of the fiscal year, as a bad debt loss for the year, two accounts, one against Empire Wholesale Grocers Company of $11,280.93, and one against Handy Bag Company for $8,581.

Section 234 (a) (5) of the Revenue Act of 1921 (42 Stat. 255) allows as a deduction from gross income: "Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to. be charged off in part;" the evidence was heard by a member of the Board of Tax Appeals, who at the end of the hearing said that he was unable to find as a fact that the debts due to petitioner from these debtors were ascertained by petitioner to be worthless during the taxable year. He said further: "There was, in fact, a bankruptcy that did not take place until after the end of this year. There is nothing to show that the petitioner was aware of the bankrupt condition of either of these debtors in the taxable year." There was no finding of fact beyond the oral statements by this member of the Board, and there followed a memorandum opinion of the Board reciting as a fact that the Division could not find in the evidence that the debts charged off had been found to be worthless during the taxable year, and that they were not deductible under the statute.

■ The member was quite right in holding that to justify deduction it is not sufficient that the debt be charged off within the taxable year, and that within the year the debt was in fact worthless, but it must also appear that its worthlessness was during the taxable year ascertained by the taxpayer.

As to the Empire Wholesale Grocers Company debt, it appears that letters urging payment had been sent the debtor, and various demands had been made, and conferences had, but no proceedings had been begun, and no other facts appear to have come to the knowledge of petitioner during the taxable year from which it might be said that the petitioner had within that year ascertained the debt to be worthless. Petitioner's president, who had charge of such matters, unfortunately died in 1927, and what, if anything, he had learned on the subject was unavailable to petitioner. The debtor was adjudged a bankrupt about a month after the close of the taxable year; but that fact, usually quite significant, could not have served to influence taxpayer's ascertainment during the taxable year.

■ The fact that the bankruptcy long thereafter yielded creditors only three per cent. or four per cent. of their claims will not relate back to the taxable year to indicate ascertainment, during such year, of the worthlessness of the debt.

If the statement of the Board member—that bankruptcy did not take place until after the taxable year—has reference to the Handy Bag claim, there was misapprehension of the fact. It appears the Handy Bag Company was adjudicated bankrupt nearly five months before the end of taxpayer's fiscal year. This fact would scarcely justify the conclusion that petitioner was not aware within the taxable year of the condition of this debtor.

■ It is urged in brief for respondent that it·does not appear petitioner knew of this bankruptcy. Something must be presumed in favor of the usual and ordinary course of things. Is it reasonable to conclude that this large claim did not have petitioner's attention? It was testified that letters were written, demands made, conferences had, and calls made upon debtor, all without avail. Is it reasonable to suppose that for nearly five months next before the taxable year expired petitioner suddenly ceased to make any effort to collect this large claim? Had any effort at all been made during this time,

it would inevitably have led to knowledge of the bankruptcy. Indeed, it is to be presumed that the bankruptcy officials did their duty, and that notices of the bankruptcy and for filing claims were duly given to the creditors. It would border on the fantastic to predicate anything on the presumption that during these five months petitioner knew nothing of that bankruptcy.

■ While the fact that a bankruptcy subsequently yielded the creditors practically nothing would not of itself justify the conclusion that the creditor had, during its taxable year, ascertained the worthlessness of the claim, yet this bankruptcy, coming as it did about the middle of the taxable year, convincingly suggests that the bankruptcy schedules, and claims presented, sufficiently informed petitioner's responsible officers of the condition of the debtor's estate. From this, in connection with the prior unavailing efforts to collect the debt, it may sensibly be said that during the tax year the practical worthlessness of this debt became apparent to petitioner, which is sufficient ascertainment of its worthlessness within the meaning of the statute.

Such cases depend so peculiarly upon the facts of each that citation of authorities would not be very helpful.

That the case was considered to be near the border line is evident from the statement of the member in reference to both debts that, "Taking all of the evidence together, I think it falls somewhat short of proving ascertainment of worthlessness in that year; * * *" It therefore seems reasonable·to conclude that had this element of the long pendency of the bankruptcy of the Handy Bag Company, and the want of assets to meet any substantial part of the claims of its creditors, been considered by the member, that slight element which was deemed wanting to show ascertainment of worthlessness during the tax year would properly have been deemed present as to the Handy Bag Company debt.

Our conclusion is that as to the Empire Wholesale Grocers Company debt, the action of the Board should be, and it is, sustained. As to the Handy Bag Company debt, the action of the Board is not sustained, and the cause is remanded with direction to deduct that debt as a loss from the taxpayer's gross income for the taxable year in question.